# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAULA REYNOLDS,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT CREDIT UNION,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-00926<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Paula Reynolds ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Scott Credit Union ("Defendant"), as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") *et seq.*

## PARTIES

2. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the Southern District of Illinois

3. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant maintains its principal place of business at 8866 Ladue Road, St. Louis, Missouri 63124.

5. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

6. Prior to the events that give rise to this cause of action, Plaintiff assisted her niece, Leandra Drake to co-sign on a loan ("subject debt") for a vehicle from Defendant, as Leandra alone did not qualify for financing.

7. Leandra had been responsible for monthly payments to Defendant for the vehicle.

8. Since then, Plaintiff has not spoken to Leandra and Leandra fell behind on payments sometime in early 2020.

9. Subsequently in April 2020, Plaintiff began receiving collection calls to her cellular phone number (618) XXX-2510 from Defendant, in an attempt to collect on missed payments towards the subject debt.

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2510.

11. At all times relevant, Plaintiff's number ending in 2510 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and its services.

13. In the calls made to Plaintiff, Plaintiff explained to Defendant that she had never made any payments on the car loan and that she only co-signed to help her niece get approved for financing purposes. Additionally, Plaintiff told Defendant that their calls are unwelcomed and would no longer like to receive calls to her cellular phone.

14. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

15. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

17. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

18. Upon information and belief, Defendant placed its calls to Plaintiff's telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

19. Plaintiff's request fell on deaf ears and Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone number (618) 345-1000.

20. In total, Defendant placed numerous calls to Plaintiff's cellular phone after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

25. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt

electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the noticeable pause, Defendant used an ATDS to place calls to Plaintiff's telephone.

32. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her prior consent.

33. There would be no reason for Defendant to continue to contact Plaintiff, especially after Defendant knew that he was just a reference and after having been notified to cease all

telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

34. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's telephone between May 2021 and the present day, using an ATDS without her prior consent.

35. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular telephone.

37. Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their telephones.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, PAULA REYNOLDS, respectfully requests this Honorable Court for the following relief:

- A. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
- B. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
- C. Awarding Plaintiff costs and reasonable attorney fees;
- D. Enjoining Defendant from further contacting Plaintiff; and
- E. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff restates and reallages paragraphs 1 through 40 as through fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

43. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

44. Defendant is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

45. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff personally.

### a. Unfairness and Deception

46. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to her cellular telephone, attempting to induce her into making an immediate payment, even when the subject debt isn't owed by her.

47. It was unfair and deceptive for Defendant to continue placing unwanted phone calls after Plaintiff demanded on multiple occasion that it cease calling her cellular telephone number.

48. Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls and residential visits, resulting in a significant harm in the form of invasion of privacy and nuisance.

49. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts to increase its profitability at the consumers' expense.

50. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

51. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

52. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, PAULA REYNOLDS, requests that this Honorable Court:

    A.    Enter judgment in Plaintiff's favor and against Defendant;

    B.    Award Plaintiff her actual damages in an amount to be determined at trial;

    C.    Award Plaintiff her punitive damages in an amount to be determined at trial;

    D.    Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

    E.    Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Date: August 12, 2021

Respectfully submitted,

By: */s/ Marwan R. Daher*

Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*